<u>NOT FOR PUBLICATION</u>                (Docket Nos. 8, 15, 23, 24, 26, 27)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____
                               :
JANET FRANCIS,                 :
                               :
          Plaintiff,           :   Civil No. 05-4484 (RBK)
     v.                        :   OPINION
                               :
JOINT FORCE HEADQUARTERS,      :
et al.,                        :
                               :
          Defendants.          :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion to dismiss the Complaint of Plaintiff pro se Janet Francis ("Plaintiff") by Defendant American Federation of Government Employees ("AFGE"), a motion to dismiss and to substitute the Secretary of the Army as a Defendant by Donald Ballard, Evelsizer,[1] Giuareno, Stephen Hines, Ingrao, Keyes, Mahon, Kathey McCready, Milliken, Phelan, Glen Reith, Schepens, John Sori (collectively, "Individual Defendants"), Joint Force Headquarters and National Guard Bureau-NGB-EO (collectively, "Federal Defendants"), and motions by Plaintiff to amend her Complaint, to strike the Federal

---

[1] The Complaint lists several Defendants by their surnames alone. As the first names of these Defendants do not appear in the Caption or anywhere else in the record, this Court will refer to these Defendants by last name in this Opinion and accompanying Order.

Defendants' motion to dismiss, for entry of default and to amend her motion for entry of default. For the reasons set forth below, Defendants' motions will be granted and Plaintiff's motions will be denied.

**I.   Background**

Plaintiff, formerly a federal military technician with the New Jersey Army National Guard, filed suit on September 13, 2005, against a number of defendants including Joint Force Headquarters, the National Guard Bureau-NGB-EO, and AFGE. Although Plaintiff's specific allegations are unclear, she appears to claim harassment, discrimination, and retaliation for a complaint filed with the Equal Employment Opportunity Commission in November or December of 2003. She also claims that her union, AFGE, failed to represent her or investigate her complaints.

Plaintiff amended her Complaint on September 15, 2005, adding several individually named defendants. Without seeking leave of Court, Plaintiff filed a Second Amended Complaint on September 23, 2005, adding General Frank Carlini and Major Jamal Beale as individual defendants and requesting a jury. Plaintiff moved to file a Third Amended Complaint on November 3, 2005.

The AFGE filed a motion to dismiss for lack of subject matter jurisdiction on October 10, 2005, and the Federal Defendants made a limited appearance to file a motion to dismiss

on January 25, 2006. Plaintiff filed a motion for entry of default on January 27, 2006, a motion to strike the brief in support of Defendants' motion to dismiss on February 6, 2006,[2] and an amended motion for entry of default and for default judgment on February 9, 2006.

## II. American Federation of Government Employers' Motion to Dismiss

### A. Duty of Representation

AFGE moves to dismiss Plaintiff's claim that AFGE failed to represent her against her employer for lack of jurisdiction. In particular, AFGE contends that federal employees have no private cause of action against a union for breach of its duty of fair representation and that such claims are within the exclusive jurisdiction of the Federal Labor Relations Authority ("FLRA").

AFGE's argument is supported by the Supreme Court's decision in Karahalios v. National Fed'n of Fed. Employees, Local 1263, 489 U.S. 527 (1989), the seminal case in which the Court held that federal employees have no "private cause of action against a breach by a union representing federal employees of its statutory duty of fair representation." Id. at 529; see also Abbott v. United States, 144 F.3d 1, 4 (1st Cir. 1998) (reiterating the Court's holding in Karahalios). The Court reasoned that Congress

---

[2] Plaintiff's motion to strike is more appropriately characterized as a brief in opposition to Defendants' motion to dismiss. Accordingly, Plaintiff's motion to strike will be denied and will be considered as an opposition.

intended to leave the enforcement of union duties, including representation, to the FLRA and its General Counsel. The Court concluded that a breach of the duty of fair representation constitutes an "unfair labor practice" under 5 U.S.C. § 7116(b)(8). Allegations of a breach must therefore be addressed administratively by the FLRA pursuant to § 7118, which provides for the investigation and adjudication of complaints of unfair labor practices by a union.[3] Karahalios, 489 U.S. at 536-37.

Plaintiff filed briefs in opposition on November 3, 2005, and November 23, 2005.[4] In particular, she argues:

> It is unequivocally established by decisions 29 CFR 458.2(4) and (5) as the private cause of action against the Union for breach of its statutory duty of fair representation, any such claims must be filed administratively as a violation of the plaintiff's constitutional and civil rights and are within the

---

[3] The Court further explained:
There is no express suggestion in Title VII that Congress intended to furnish a parallel remedy in a federal district court to enforce the duty of fair representation. The Title provides recourse to the courts in only three instances: with specified exceptions, persons aggrieved by a final FLRA order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive relief is available to the FLRA to assist it in the discharge of its duties, § 7123(d).
Karahalios, 489 U.S. at 536-37.

[4] Plaintiff's briefs in opposition were not filed prior to the October 21, 2005, deadline established by Local Civil Rule 7.1. Nevertheless, the Court need not hold pro se litigants "to strict accountability of compliance with the rules of procedure," Holifield v. Reno, 115 F.3d 1555, 1561 (11th Cir. 1997), and will therefore consider Plaintiff's untimely oppositions.

>     exclusive jurisdiction of the United States District
>     Court.
>
> (Pl. Opp'n filed Nov. 3, 2005.)

However, neither 29 C.F.R. § 458.2(a)(4), prohibiting labor unions from limiting members' right to sue, nor § 458.2(a)(5), addressing "safeguards against improper disciplinary actions" by unions, authorizes a federal employee to sue her union in district court for an unfair labor practice. Moreover, it is well established that a regulation alone cannot create a cause of action, particularly where Congress has demonstrated a deliberate intent to preclude judicial recourse in the district court. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress.") (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 578 (1979)). Accordingly, nothing in 29 C.F.R. 458.2 could establish a private cause of action against a union for breaching its duty of fair representation or otherwise endow this Court with jurisdiction over Plaintiff's claim against AFGE.

**B.   Defendants John Siri and Michael Phelan**

AFGE also moves for dismissal of the claims against union officers John Siri ("Siri"), improperly captioned as "John Sori," and Michael Phelan ("Phelan"), added as individual Defendants in

Plaintiff's Amended Complaint of September 15, 2005.[5] In response, Plaintiff argues that:

> John Siri removed himself from my case and wouldn't provide anyone else to represent me which violated the plaintiff's Civil and Constitutional rights. When plaintiff asked Michael Phelan to represent her, he stated he didn't know enough about the case to represent her. I'd informed Mr. Phelan that he could inform the appropriate individuals that he is going to represent me and to request for an extension to review the case. Mr. Phelan refused which violated the plaintiff's Civil and Constitutional Rights.

(Pl. Opp'n filed Nov. 23, 2005, at 4-5.)

However, Plaintiffs may not bypass the Court's ruling in Karahalios by suing the lawyers or union officials where such the suit would not be permitted against the union. Montplaisir v. Leighton, 875 F.2d 1, 4, 7 (1st Cir. 1989) (holding suits against union lawyers precluded due to "the anomaly which would result

---

[5] AFGE argues for dismissal of Siri and Phelan in its "Reply Memorandum" of October 31, 2005. Not only was AFGE's brief in reply filed prior to Plaintiff's brief in opposition, AFGE offered no justification for omitting these arguments from its original motion to dismiss, filed October 10, 2005. Nevertheless, the docket indicates that AFGE was likely not on notice of Plaintiff's claims against Siri and Phelan until after it filed its motion, as Plaintiff improperly served them by certified mail sent to their workplaces on October 7, 2005. (See Docket No. 9.) As Plaintiff did address AFGE's arguments for dismissal of Siri and Phelan in a second opposition brief filed November 23, 2005, and has, therefore, been accorded an opportunity to respond, the Court will proceed to rule on AFGE's arguments. See also 5A C. Wright and A. Miller, Federal Practice and Procedure (2d ed. 1990), § 1357 ("court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair."); Bryson v. Brand Insul., Inc., 621 F.2d 556, 559 (3d Cir. 1980) (noting availability of sua sponte dismissal for failure to state a claim); Thomas v. Ford Motor Co., 70 F. Supp. 2d 521, 532 (D.N.J. 1999) (dismissing sua sponte).

from denying members the right to sue the union for deficient representation, but allowing them to sue union agents for precisely the same conduct"); see also LaFauci v. St. John's Riverside Hosp., 381 F. Supp. 2d 329, 334 (S.D.N.Y. 2005) (dismissing union agents from suit because of "shield of immunity for individual union members in suits for breach of the duty of fair representation"). Thus, just as this Court lacks jurisdiction to hear a federal employee's suit against her union for breach of the duty of fair representation, this Court cannot serve as a forum for the same suit directed against the union's agents or officers.

In any event, union agents are not personally liable for acts performed on the union's behalf, including acts or omissions amounting to a breach of the duty of fair representation. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962) (holding that policy that the union should "'be the sole source of recovery for injury inflicted by it' . . . cannot be evaded or truncated by the simple device of suing union agents or members.").

Accordingly, because Plaintiff has alleged no claims against Siri and Phelan other than those against the Union, this Court will grant AFGE's motion to dismiss.

**III. Federal Defendants' Motion to Dismiss**

Also before the court is a motion by the Federal Defendants

to dismiss the Individual Defendants under Rule 12(b)(5) for insufficient service of process and failure to state a claim, and to substitute the Secretary of the Department of the Army for Joint Force Headquarters and the National Guard Bureau, leaving the Secretary of the Army as the sole remaining Defendant.

**A.   Insufficient Service of Process**

Rule 4(m) instructs courts to dismiss suits where "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); Abdel-Latif v. Wells Fargo Guard Svc., Inc., 122 F.R.D. 169, 171 (D.N.J. 1988). Despite the relaxed treatment accorded pro se complaints, the Court has no power to adjudicate a suit over defendants who have not been properly served. Jones v. Frank, 973 F.2d 872 (10th Cir. 1992) (upholding dismissal of pro se suit for insufficient service of process); Townsel v. Contra Costa County, 820 F.2d 319 (9th Cir. 1987) (same).

   Plaintiff filed her Complaint against Joint Force Headquarters and the National Guard Bureau on September 13, 2005, adding the Individual Defendants to the Complaint on September 15, and September 23, 2005.[6] Plaintiff served the United States

---

[6] Plaintiff filed her Second Amended Complaint on September 23, 2005, adding General Frank Carlini and Major Jamal Beale as individual defendants. Because Plaintiff has already amended her Complaint on September 15, 2005, Plaintiff was obligated to obtain leave of court for all further amendments. Fed. R. Civ. P.

8

Attorney on November 29, 2005, but has not served the United States Attorney General, nor has she served the Individual Defendants. Plaintiff maintains that she adequately served each Defendant by sending a copy of the Complaint and summons by certified mail to the Defendant's workplace. However, there is no indication that the Individual Defendants even received the mail, and the return receipt cards provided by Plaintiff are unsigned or signed by individuals other than the Defendants.[7]

Rule 4(e) establishes the sole avenues for effecting service upon individual defendants. Individuals may be served by delivering the summons "to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode." Fed. R. Civ. P. 4(e). Mailing the summons and Complaint to a defendant's workplace is insufficient, particularly where, as here, no evidence indicates that the defendant received the mail.[8] Accordingly, the Individual

---

15(a) ("A party may amend the party's pleading once as a matter of course."). Because the Second Amended Complaint was improperly filed, it shall be stricken, rendering the First Amended Complaint filed September 15, 2005, the active Complaint.

[7] Plaintiff also argues that the Court "served the US Attorney's Office and the US Attorney General's Office electronically prior to my delivery of the complaint." (Opp'n filed Feb. 6, 2006, at 11.) However, the electronic notice does not amount to service of the Complaint under the Rules.

[8] Plaintiff argues that Rule 4 authorizes service by handing "the document to be served to the individual, partner, officer, or agent; leaving it at his or her office with a person in charge thereof." (Opp'n, filed Feb. 6, 2006, at 14.) However, Plaintiff

Defendants have not been served for the purposes of Rule 4. Because the above captioned suit was filed September 13, 2005, the 120 day period provided by Rule 4(m) has long since expired.

Before dismissing a suit for insufficient service of process, however, the court should first "determine whether good cause exists for an extension of time." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)) (citing Petrucelli, 46 F.3d at 1312). "The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se." Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted)).

A pro se litigant's unfamiliarity with the rules does not constitute good cause sufficient to excuse a failure to timely serve process. Kersh, 851 F.2d at 1512 ("To hold that a pro se litigant's ignorance of [the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his

---

is quoting Rule 4(h), which addresses "Service Upon Corporations and Associations" and therefore has no bearing on the service of an individual.

defendants timely."); <u>Townsel</u>, 820 F.2d at 320 ("To hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception to swallow the Rule."). Consequently, Plaintiff's misreading of the Rules does not amount to good cause for her failure to serve Defendants.

Nevertheless, the Court may still exercise its discretion to provide Plaintiff with an extension of time, even in the absence of good cause. In weighing whether to exercise this discretion, courts look to (1) whether the plaintiff's Complaint is frivolous, (2) the plaintiff's motivation in "pursuing its claim (both in the factual and legal components of the case)," (3) objective unreasonableness, and (4) the need to "advance considerations of compensation and deterrence." <u>Ritter v. Cooper</u>, 2003 WL 23112306, *3 (D. Del. 2003) (citing <u>E.I. Du Pont De Nemours & Co. v. The New Press, Inc.</u>, 1998 WL 355522, *4 (E.D. Pa. 1998)); <u>see also</u> <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986).

Because nothing in Plaintiff's Complaint states a claim against the Individual Defendants, the factors weigh in favor of disallowing any additional time to effectuate service on these Defendants. Rather, as allegations of employment discrimination by a federal employer, Plaintiff's Complaint constitutes a claim under Title VII. <u>Wilson v. Potter</u>, 159 Fed. Appx. 415, 417 (3d

11

Cir. 2005) ("Title VII is the exclusive remedy for claims of discrimination arising out of federal employment.") (citing <u>Brown v. General Services Admin.</u>, 425 U.S. 820, 835 (1976)). As such, Plaintiff's claims are cognizable only against her employer, since "Title VII does not permit the imposition of liability upon individuals unless they meet . . . [the] definition of 'employer.'" <u>Manns v. Leather Shop Inc.</u>, 960 F. Supp. 925, 928 (D.V.I. 1997) (citing <u>Grant v. Lone Star Co.</u>, B.L., 21 F.3d 649, 652 (5th Cir. 1994)); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2nd Cir. 1995); <u>see also</u> <u>Dici v. Pennsylvania</u>, 91 F.3d 542, 552 (3rd Cir. 1996) (holding that individual employees cannot be held liable under Title VII).

Accordingly, because Plaintiff's complaint does not state a claim against the Individual Defendants, and because, as provided below, Plaintiff will retain an opportunity for recourse against her employer, this Court will not exercise its discretion to allow Plaintiff additional time to effectuate service on these Defendants, and Plaintiff's claims against the Individual Defendants will be dismissed without prejudice.

**B.   Substitution of Secretary of the Department of the Army as a Defendant and Leave to Effectuate Service**

The Federal Defendants argue that Plaintiff was an employee of a federal department and therefore must bring her Title VII suit against the head of the agency in his official capacity, in this case the Secretary of the Department of the Army. In support

of this assertion, Defendants provide a Notification of Personnel Action, verifying Plaintiff's former position as a Federal military technician pursuant to the National Guard Technicians Act, 32 U.S.C. § 709. (Donnely Decl. filed Jan. 25, 2006)

As an employee of the Department of the Army, Plaintiff was a federal employee, <u>Reiser v. New Jersey Air Nat'l Guard</u>, 152 Fed. Appx. 235 (3d Cir. 2005), and therefore should have brought her employment discrimination suit against the Secretary of the Department of the Army, pursuant to 42 U.S.C. § 2000e-16(c). <u>See Grier v. Headquarters, U.S. Army Forces Command, Ft. McPherson, Ga.</u>, 574 F. Supp. 183, 184 (D.C. Ga. 1983) (ordering plaintiff to amend complaint adding the Secretary of the Army as an the proper defendant); <u>Varma v. Gutierrez</u>, --- F. Supp. 2d ----, 2006 WL 708203 (D.D.C. 2006) (granting defendant's motion to substitute agency head as proper defendant under § 2000(e)-16(c) over plaintiff's objection).

When suing a federal officer, such as the Secretary of the Army, in his official capacity, the plaintiff must also serve both the United States Attorney and the Attorney General of the United States, pursuant to Rule 4(i). <u>Sanchez-Mariani v. Ellingwood</u>, 691 F.2d 592 (1st Cir. 1982); <u>Jones v. Frank</u>, 973 F.2d 872 (10th Cir. 1992).[9] Plaintiff has not yet served the

---

[9] Plaintiff argues that she is not required to serve the United States Attorney General because she was "an Excepted Service employee." The classification as "excepted service" is

Attorney General of the United States.

Instead of requesting dismissal, the Federal Defendants ask this Court to substitute the Secretary of the Army for Defendants National Guard Bureau and Joint Force Headquarters. Defendants also request this Court to allow Plaintiff additional time to properly serve the United States and the Secretary of the Army.

In order to provide Plaintiff an opportunity to litigate the merits of her claims, Defendants' motion will be granted. The Secretary of the Army will be substituted as a Defendant and Plaintiff will be Ordered to properly effectuate service on the Secretary of the Army and the Attorney General of the United States.

## IV. Plaintiff's Motions

### A. Plaintiff's Motion to File a Third Amended Complaint

Plaintiff moves to amend her Complaint, "adding AFGE violated plaintiff's Civil Rights Act, Constitutional rights and conspiracy, wrongful termination, by Joint Force Headquarters, additional grounds for relief and additional claims pertaining to the statute's impact on the discrimination strength of AFGE's not providing plaintiff equal protection." (Pl. Mot. Amend Compl.)

Where a plaintiff has already amended his complaint or

---

intended to distinguish positions such as Plaintiff's from civil service positions in the competitive service, 5 U.S.C. § 2103 (a), and has no bearing on Rule 4(i) or Plaintiff's obligation to serve the Attorney General of the United States.

defendants have filed a responsive pleading, the plaintiff may further amend the complaint only with leave of the court. Fed. R. Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Under Rule 15(a), such leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 271 U.S. 178, 182 (1962) (instructing courts to permit amendments freely to afford plaintiffs the opportunity to test claims on the merits). Courts are to accord even greater latitude to amend where the plaintiff is pro se. See e.g., Frasier v. General Elec. Co., 930 F.2d 1004, 1008 (2d Cir. 1991).

District courts nevertheless retain substantial discretion to deny amendments in the event of bad faith, undue prejudice to opposing parties, futility of the amendment, or "repeated failure to cure deficiencies by amendments previously allowed." Davis, 271 U.S. 182; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").

As discussed previously, this Court lacks jurisdiction over Plaintiff's allegations that AFGE failed to fairly represent her, rendering futile any amendment of this claim. Plaintiff's wrongful termination claim is already included in original Complaint, obviating any need for an amendment, and, moreover, Plaintiff has failed to "attach to the motion a copy of the

proposed pleading or amendments" as required by Local Civil Rule 7(f).

Accordingly, Plaintiff's motion to amend her Complaint will be denied for futility and noncompliance with the Local Civil Rules.

**B.   Motions for Default**

Plaintiff filed motions for entry of default against the Federal Defendants on January 27, 2006, and on February 9, 2006, on the grounds that Defendants had failed to appear despite having been adequately served with process.

Plaintiff asserts correctly that Rule 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed R. Civ. P. 55(a). However, the Federal Defendants made a limited appearance to move to dismiss on January 25, 2006, and therefore have indeed appeared in the action for the purposes of the Federal Rules. See, e.g., Hudson v. State of N.C., 158 F.R.D. 78 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a).") (citing Wickstrom v. Ebert, 101 F.R.D. 26, 33 (E.D. Wis. 1984)). Moreover, as established above, Plaintiff had not effected service of any of the Federal Defendants as of January 27, 2006. Accordingly, Plaintiff's motions for an entry of default will be denied.

16

The accompanying Order shall issue today.

Dated: 4-10-06                          S/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

17